**Hector CORDERO, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (H.M. STAUFFER & SONS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 30, 1995.

Decided Sept. 11, 1995.

R. Russell Pugh, for petitioner.

Joseph P. Hafer, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Hector Cordero (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a Workers' Compensation Judge's (WCJ) grant of a termination petition filed by H.M. Stauffer & Sons, Inc. (Employer). The Board's order also affirmed the WCJ's denial of Claimant's petition for a specific loss. We affirm.

During the time Claimant worked for Employer he was diagnosed with invasive chondrosarcoma of his right femur. He underwent a total hip replacement in February of 1988. On June 12, 1988, Claimant returned to work for Employer as a panel builder. On June 20, 1988, Claimant was accidentally struck by the arm of a "square" machine in the area of his right hip, pushing him back-

wards. Claimant went to the emergency room and subsequently visited his treating physician, Robert S. Matthews, M.D. Claimant was hospitalized for tests on June 24, 1988. Claimant ultimately underwent a "girdlestone" procedure in October, 1988, in which Claimant's prosthetic hip joint was removed. Eventually, in March of 1990, Claimant's right leg was amputated.

Following the June 20, 1988 injury, Employer issued a notice of compensation payable. Then, on December 8, 1989, Employer filed a termination petition, alleging that as of November 8, 1989, Claimant was no longer suffering from his work-related injury. On April 25, 1990, Claimant filed a petition, alleging a specific loss of his right leg resulting from the June 20, 1988 injury. By agreement of the parties, the two petitions were consolidated.

At hearings before the WCJ, Claimant testified in his own behalf and presented the deposition testimony of his treating physician, Dr. Matthews. Employer presented the deposition testimony of John S. Rychak, M.D., and a medical report from Ralph C. Marcove, M.D. Hospital and other medical records were also submitted into evidence. The WCJ reviewed the extensive medical testimony, determining that Dr. Rychak was more credible than Dr. Matthews and concluding that the injury Claimant "suffered on June 20, 1988 to his right hip was not the cause of the claimant's problem with infectious disease which ultimately required the amputation of his right leg and previously the removal of his pre-existing prosthetic device." (WCJ's decision, p. 9.) The WCJ found that Claimant's work-related injury had ceased and that Employer was entitled to a termination of benefits. The WCJ also concluded that Claimant had failed to prove a causal connection between his specific loss and a compensable work injury; thus, Claimant's petition for specific loss was dismissed. The Board affirmed.

On appeal,[1] Claimant raises the following issues for our review: (1) whether Dr. Ry-

chak's opinion is based on facts not of record or on hearsay; (2) whether Dr. Rychak's testimony is equivocal; (3) whether Employer is relitigating the notice of compensation payable in its termination petition; (4) whether the WCJ's findings of fact are based on substantial evidence and whether the decision as a whole is a reasoned decision; and (5) whether benefits for specific loss should be paid to Claimant without credit for previously paid total disability benefits.

Initially, Claimant argues that factual assumptions were provided in a hypothetical addressed to Dr. Rychak that were not based on facts of record; thus, Claimant contends that Dr. Rychak's opinion given in response to the hypothetical is incompetent and cannot be the basis for any findings of fact.

 "[H]ypothetical questions must be based upon matters which appear of record and on facts which are warranted by the evidence." *Deitrich v. Workmen's Compensation Appeal Board (Shamokin Cycle Shop)*, 136 Pa.Commonwealth Ct. 557, 564–65, 584 A.2d 372, 375 (1990). However, when only a portion of a medical witness' testimony is given in response to a hypothetical question and there is other unequivocal testimony sufficient to sustain the referee's findings, the findings must be sustained. *Id.*

A review of Dr. Rychak's deposition reveals that the doctor provided testimony other than in response to the hypothetical question posed by Employer's counsel. Dr. Rychak reviewed Claimant's medical records, various exhibits attached to Dr. Matthews' deposition, Dr. Marcove's report and numerous hospital records, all of which Dr. Rychak utilized in formulating his opinion. Dr. Rychak particularly emphasized that Claimant's records showed that Claimant had a staph infection prior to the June 20, 1988 work injury and that "the sequence of events are far more consistent with a latent infection of the total hip prosthesis and not the contusion." (Dr. Rychak's deposition, p. 33.) Dr.

---

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Sec-

tion 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Rychak further explained that based on his review of the records Claimant had sufficiently recovered from his work-related injury by November, 1989, and that any inability to work was not related to Claimant's June 20, 1988 injury.

■ A related part of Claimant's argument rests on the use by Dr. Rychak of medical reports provided by other physicians who were not called to testify. Claimant contends that these reports are hearsay and cannot be relied upon by Dr. Rychak in formulating his opinion. Although Dr. Marcove's report itself is hearsay and could not be relied upon by the WCJ as a basis for findings of fact, Dr. Rychak could express an opinion based in part upon Dr. Marcove's report and any other medical reports not a part of the record, if Dr. Rychak, as an expert, customarily relies upon these types of documents in the practice of his profession. *See Commonwealth v. Thomas*, 444 Pa. 436, 282 A.2d 693 (1971).

■ Claimant also argues that Dr. Rychak's testimony is equivocal.

A determination that certain medical testimony is equivocal is not a finding of fact; rather it is a conclusion of law that is reviewable by this Court. *Lewis v. Commonwealth*, 508 Pa. 360, 498 A.2d 800 (1985). In conducting such a review, the medical witness' entire testimony must be reviewed and taken as a whole and a final decision must not rest upon a few words taken out of the context of the entire testimony.

*Michaelson v. Workmen's Compensation Appeal Board (R.R. Leininger & Son)*, 126 Pa.Commonwealth Ct. 542, 547, 560 A.2d 306, 308 (1989). Even if a medical expert admits to uncertainty, reservation, doubt or lack of information with respect to medical and scientific details, so long as the witness does not recant the opinion or belief first expressed, his opinion is unequivocal. *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa.Commonwealth Ct. 202, 465 A.2d 132 (1983).

■ We conclude, after reviewing Dr. Rychak's testimony in its entirety and the

specific reports that Dr. Rychak identified as the basis for his opinion, that his testimony is unequivocal and constitutes substantial evidence upon which the WCJ could base his decision to terminate Claimant's benefits.

■ Claimant next argues that in the termination proceeding Employer erroneously sought to relitigate the notice of compensation payable by attempting to prove that Claimant's disabling condition was never work-related. We disagree.

Where an employer seeks to terminate benefits after the issuance of a Notice of Compensation Payable, the burden is on the employer to prove that the current disability is not related to the work-related injury. *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983). In Beissel, this Court reviewed a petition for termination of benefits filed by John Wanamaker, Inc., which challenged the original causal relationship between the employee's injury and his continuing disability. This Court held that once a Notice of Compensation Payable was filed, the burden is on the employer to prove that the disability has changed to justify a termination. *Id.* at 182, 465 A.2d at 971. Likewise, if an employer asserts not that the disability has changed, but that there is an independent cause for the disability, unrelated to the original work injury, the employer bears 'the burden of proving that an independent cause of an employee's disability arose *after* the filing of a notice of compensation payable if the petitioner is seeking to justify the termination of benefits on the grounds that the employee's disability is no longer work-related.' *Id.* at 185, 465 A.2d at 972.

*Gumro v. Workmen's Compensation Appeal Board*, 533 Pa. 461, 466–67, 626 A.2d 94, 97 (1993) (emphasis in original).

■ Specifically, Claimant contends that his disabling condition was the infectious disease process that manifested itself within nine days after the blow to his hip and for which Employer made payment of both disability benefits and medicals. Claimant misconstrues the evidence presented by Employ-

er and found credible by the WCJ. Employer paid compensation as a result of the blow to Claimant's hip. It did not accept responsibility for Claimant's pre-existing chondrosarcoma condition and treatment, which Dr. Rychak opined caused the latent infection and resulted in Claimant's subsequent amputation. Dr. Rychak testified that the blow to Claimant's hip was not the cause of the infectious disease process and, therefore, based upon this testimony the WCJ concluded that Employer had carried its burden of proof that an independent cause of Claimant's disability arose after the injury. The fact that the latent infection was present prior to the injury does not defeat the requirement that the independent cause must arise after the filing of the notice of compensation payable. Through Dr. Rychak's testimony, Employer proved that the latent infection causing Claimant's disability after November, 1989, was not causally connected to Claimant's work-related injury; thus, Claimant's argument concerning this issue must fail.

 Claimant next raises an issue concerning the new requirement that a WCJ's determination must be explained in a "reasoned decision." [2] The main thrust of Claimant's argument is that the WCJ did not explain fully the basis for his credibility determinations. This explanation is not what is prescribed by the language of the amendment. The WCJ continues to have the prerogative to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses. *Buczynski v. Workmen's Compensation Appeal Board (Richardson-Vicks, Inc.)*, 133 Pa.Commonwealth Ct. 532, 576 A.2d 421 (1990). The WCJ here clearly set forth the necessary findings of fact and conclusions of law enabling this Court to provide meaningful review. The decision includes a statement of the facts based on the evidence presented, credibility determinations and an explanation of the basis for the decision. Furthermore, our review reveals

that substantial evidence exists in the record to support the WCJ's findings. No more is required. *See also Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, —— Pa.Cmwlth. ——, 664 A.2d 703 (1995).

Finally, Claimant argues that because Dr. Matthews should have been believed, Claimant has proven his entitlement to compensation for specific loss of his right leg and a continuation of total disability benefits without a setoff. We do not reach this issue because the evidence supports the WCJ's findings and conclusion that Claimant failed to carry his burden of proof that his specific loss of his right leg was related to the June 20, 1988 work injury. Thus, a discussion of the setoff issue is unwarranted.

Accordingly, we affirm.

### ORDER

NOW, September 11, 1995, the order of the Workmen's Compensation Appeal Board, dated January 26, 1995, at No. A94–1396, is affirmed.

---

**2.** *See* Section 422(a) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834, which was amended in 1993 by the addition of the following terms:

All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and

concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The adjudicator shall specify the evidence upon which the adjudicator relies in conformity with this section. The adjudication shall provide the basis for meaningful appellate review.