**CONTINENTAL BAKING COMPANY
and Aetna Casualty & Surety
Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION
APPEAL BOARD (HUNT),
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 22, 1996.

Decided Jan. 17, 1997.

Reargument Denied March 5, 1997.

---

Anthony J. Plastino, II, and Susan V.B. Mason, Pittsburgh, for petitioners.

Edward J. Abes, Pittsburgh, for respondent, Ronald Hunt.

Ned Trbovich, Pittsburgh, for respondent, INA/CIGNA Insurance Company.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

SMITH, Judge.

Continental Baking Company (Employer) and Aetna Casualty and Surety Company (Aetna) petition this Court for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed an order of the Workers' Compensation Judge (WCJ) granting a petition filed by Ronald Hunt (Claimant) to set aside a final receipt. On appeal, the question presented by Employer and Aetna is whether the findings relied upon by the WCJ to set aside the final receipt and to reinstate Claimant's compensation benefits are supported by substantial, competent evidence.

I

On May 11, 1983, while working for Employer as a cake loader, Claimant sustained an injury to his lower back that was compensable under provisions of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4. The insurance carrier for the 1983 injury was the Insurance Company of North America (INA/Cigna). Claimant returned to a lighter-duty job in February 1985 as a checker loader at wages equal to or greater than his pre-injury wages, and he signed a final receipt for the 1983 injury in May 1985. Claimant missed one week of work in June 1985 for which he received benefits and thereafter signed a second final receipt in September 1986.

On January 9, 1989, Claimant sustained a work-related injury to his back; Aetna issued a notice of compensation payable accepting liability. The notice described the work injury as "low back pain" and provided for a weekly compensation rate of $399 based upon an average weekly wage of $686.68. Claimant executed a final receipt with Aetna on February 14, 1989, following his return to work on January 29, 1989. He worked until May 13, 1989 when he was laid off in a partial plant shutdown.

On November 27, 1989, Claimant filed two reinstatement petitions against Aetna, alleging that he had not fully recovered from his January 1989 work-related injury, that his status changed after layoff and that he had

not fully recovered from the May 1983 work-related injury. At the same time, Claimant filed against Aetna a petition to review notice of compensation payable, alleging that Claimant suffered a recurrence of the May 1983 injury in January 1989 and requesting an amendment to the notice of compensation payable to reflect the 1983 injury date. Claimant also filed a petition against Aetna to set aside the 1989 final receipt and a petition against INA/Cigna to set aside the 1985 and 1986 final receipts. Aetna filed its petition to join INA/Cigna, and the WCJ consolidated all of the petitions for hearing.

Claimant testified that while pushing a 750-pound bread rack on January 9, 1989, he experienced pain in his lower back and that the pain was similar to, and in the same area as, the 1983 work-related injury. He stated that, pursuant to its policy, Employer held Claimant's last workers' compensation check until he signed a final receipt and that he did not recall signing the 1989 final receipt, although the document contained his signature. Following Employer's partial plant closure in May 1989, Claimant elected to take severance pay in lieu of remaining on call. Employer's personnel secretary, Christine Kohun, testified that it was not Employer's policy to hold a workers' compensation check until a claimant signed a final receipt. Employer did not present medical testimony.

Claimant presented the medical testimony of Dr. Robert P. Durning, a board-certified orthopedic surgeon, who first examined Claimant on November 28, 1983. His examination revealed a ruptured disc at L4–L5. Dr. Durning performed surgery on Claimant in May 1984, and thereafter diagnosed Claimant as suffering from a ruptured disc and herniated nucleus pulposus, L4–L5, and right L5 radiculopathy which he attributed to the May 1983 work-related injury. Dr. Durning did not recommend that Claimant return to the cake loader position, nor did he impose formal work restrictions following the surgery. Claimant was under Dr. Durning's care from May 1984 until January 1986.

Dr. Durning examined Claimant again in October 1989, at which time he diagnosed Claimant's condition as back and right leg pain. He testified that Claimant suffered, among other things, a disc herniation at L4–L5 and residual right L5 radiculopathy and that he demonstrated a weakness in heel walking that was not present in 1986. The May 1983 work-related injury was the stated cause of Claimant's condition. On cross-examination, Dr. Durning stated that Claimant did not inform him about the January 1989 work-related injury, although his records indicated that Claimant worked from June 1985 to January 9, 1989; he conceded, however, that Claimant's symptoms had worsened since the 1989 injury.

The WCJ rejected Dr. Durning's testimony that Claimant's low back condition was causally related to the May 1983 work-related injury and found that Claimant sustained an aggravation or new injury in January 1989. The WCJ concluded that Claimant had not met his burden of proof as to a recurrence of the 1983 injury. He determined that the petition to set aside the 1985 and 1986 final receipts was not filed within the three-year limitation period set forth in Section 434 of the Act, added by the Act of June 26, 1919, P.L. 642, 77 P.S. § 1001, and was therefore untimely; that Claimant was not induced by fraud or deception into signing the final receipts; that Claimant did not file the reinstatement petition for the 1983 injury within the three-year limitation period; and that Aetna accepted liability for the January 1989 injury as a separate and distinct injury when it issued the notice of compensation payable for that injury.

The WCJ denied and dismissed the two reinstatement petitions, the two petitions to set aside final receipts and the petition to review notice of compensation payable, dismissed the joinder petition and disapproved the claim for costs of litigation and attorney's fees. All parties appealed to the Board, which concluded that the WCJ erred in denying and dismissing the reinstatement petition relating to the 1989 work-related injury and that Claimant was not required to prove he signed the final receipts under fraud or deceit. The Board remanded the case for additional evidence and for a determination of Claimant's wages after December 1989 and to permit entry of an order either granting partial disability or suspending Claimant's

compensation benefits. The Board further directed that the WCJ reconsider the award for costs. In response to the appeals by Aetna and INA/Cigna, the Board stated that it would not disturb the WCJ's credibility determinations concerning the execution of the final receipts.

On remand, the WCJ set aside the 1989 final receipt, granted a reinstatement of benefits and awarded total disability benefits from May 13, 1989 to November 13, 1989 and partial disability benefits thereafter, except for the period between August 17, 1994 and September 5, 1994 when Claimant received compensation benefits for another work-related injury. Claimant was also awarded costs and attorney's fees. In all other respects, the WCJ reaffirmed his prior decision. Aetna appealed the WCJ's remand decision and the Board affirmed.

## II

■ Aetna and Employer argue before this Court that the WCJ's remand decision setting aside the 1989 final receipt and reinstating Claimant's benefits as of May 13, 1989 is not supported by substantial, competent evidence and that the WCJ erred in finding that Claimant's 1989 injury was an aggravation or new injury as opposed to a recurrence of the 1983 injury.[1] Section 434 of the Act provides:

A final receipt, given by an employe ... under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a [WCJ] designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department ... if it be shown that all disability due to the injury *in fact had not terminated.*

■ In order to set aside a final receipt, a claimant must establish by substantial, competent evidence that all disability result-

ing from the work-related injury had not, in fact, terminated at the time the final receipt was executed. *Pieper v. Ametek–Thermox Instruments Div.,* 526 Pa. 25, 584 A.2d 301 (1990); *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Co.),* 86 Pa.Cmwlth.28, 483 A.2d 593 (1984). The fact finder must be persuaded that some disability existed at the time the final receipt was signed. *Id.* Where a claimant returns to work without obvious residual disability and executes a final receipt, the claimant must present unequivocal medical testimony of a continuing disability in order to set aside that final receipt. *Jeanes Hosp. v. Workmen's Compensation Appeal Board (Miller),* 141 Pa.Cmwlth.308, 595 A.2d 725 (1991), *appeal denied,* 532 Pa. 648, 614 A.2d 1144 (1992).

■ Whether medical testimony is equivocal is a conclusion of law fully reviewable by this Court. *Cordero v. Workmen's Compensation Appeal Board (H.M. Stauffer & Sons, Inc.),* 664 A.2d 1106 (Pa.Cmwlth. 1995), *appeal denied,* 543 Pa. 732, 673 A.2d 337 (1996). On the other hand, a question of fact is presented for the WCJ to resolve as to whether a disability results from the aggravation of a prior injury, which is treated as a new injury, or from the recurrence of a prior work-related injury, in which event the insurance carrier existing at the time of the prior injury is the responsible carrier. *Swartz v. Workmen's Compensation Appeal Board (Dutch Pantry Restaurant),* 117 Pa. Cmwlth.47, 543 A.2d 201 (1988), *appeals denied,* 522 Pa. 680, 681, 559 A.2d 40, 41 (1989). The WCJ, as the finder of fact, is free to accept or reject the testimony of any witness, including medical witnesses, in whole or in part. *Consol Pa Coal Co. v. Workmen's Compensation Appeal Board (Bardos),* 654 A.2d 292 (Pa.Cmwlth.1995), *appeal denied,* 543 Pa. 697, 670 A.2d 144 (1995).

Here the WCJ accepted in part Dr. Durning's testimony that Claimant exhibited a weakness in heel walking in October 1989 that was not present in 1986 and that his

---

1. This Court's scope of review of the Board's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary

findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa. Cmwlth.436, 550 A.2d 1364 (1988).

examination of Claimant showed a worsening of his symptoms, as well as the doctor's concession on cross-examination that the January 1989 injury worsened Claimant's symptoms. Claimant received no medical treatment from 1986 until his injury in 1989. This evidence and Aetna's acceptance of liability for the 1989 injury as a separate and distinct injury, among other things, represent substantial, competent evidence to support the WCJ's findings and conclusions.[2]

Once a claimant demonstrates that a final receipt should be set aside, the original notice of compensation payable is revived and the burden then shifts to the employer to prove that the compensation benefits should be modified or suspended. *Metzger v. Workmen's Compensation Appeal Board (Heidelberg Township Supervisors)*, 84 Pa.Cmwlth. 565, 480 A.2d 367 (1984). Employer, in the case sub judice, failed to offer any medical evidence to sustain its burden to prove that benefits payable under the notice of compensation payable should be modified or suspended. Thus Employer did not meet its burden of proof on this issue, and because the WCJ's decision to set aside the 1989 final receipt and to reinstate benefits is supported by substantial, competent evidence of record, the Board's order must be affirmed.

### ORDER

AND NOW, this 17th day of January, 1997, the order of the Workmen's Compensation Appeal Board is affirmed.

RODGERS, Senior Judge, dissents.

---

**2.** Aetna asserted, in the alternative, that Claimant is not entitled to a reinstatement of compensation benefits because he did not make a good faith effort to maintain his employment following Employer's partial plant shutdown. Aetna did not raise the issue of work availability before the Board. Pursuant to Pa.R.A.P. 1551, this issue is therefore waived. *See Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Cmwlth.587, 562 A.2d 437 (1989).