Julian HEICKLEN, Petitioner,

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 9, 2001.

Decided March 14, 2001.

Julian Heicklen, petitioner, pro se.

John J. Talaber, Camp Hill, for respondent.

Before COLINS, Judge, KELLEY, Judge, LEDERER, Senior Judge.

COLINS, Judge.

Julian Heicklen (Petitioner), acting *pro se*, petitions for review of the denial by the Pennsylvania Department of Corrections (Department) of his request to inspect a document titled, "Protocol for Hepatitis C Identification and Treatment" (Protocol), to examine and review a survey completed regarding the number of inmates housed in state correctional facilities who currently have Hepatitis C, and to review or copy medical documentation of inmates under the care of the Department, pursuant to the statute known as the Right–to–Know Act (Act).[1] We reverse in part, and affirm in part.

---

1. Act of June 21, 1957, P.L. 390, *as amended,*  65 P.S. §§ 66.1–66.4.

On April 18, 2000, Heicklen contacted the Department with an oral request to obtain a copy of the results of a survey completed by the Department pertaining to the percentage of inmates in state correctional institutions suffering with Hepatitis C. By letter dated May 10, 2000, the request was denied. Heicklen reduced the request to writing by letter of May 10, 2000. In July 2000, Petitioner filed a petition for review in this Court alleging that the Department refused to provide him access to: (1) a survey of the number of inmates housed in state correctional facilities who currently have Hepatitis C; (2) reports regarding treatment of inmates housed in the state correctional institutions that have Hepatitis C; and (3) the Department's Hepatitis C Protocol for Identification and Treatment of Hepatitis C (Protocol). The Department treated the petition for review as a request for documents under the Act. By letter of December 8, 2000, the Department denied the request on the basis that the documents requested did not fix rights or duties and did not reflect the policy of the Department. The denial of the request was appealed to this Court by way of petition for review.

■ This Court's scope of review is limited to determining whether the denial of the request for information was for just and proper cause. *Morning Call, Inc. v. Lower Saucon Township,* 156 Pa.Cmwlth. 397, 627 A.2d 297 (1993). At issue is whether the requested documents are "public records" subject to disclosure under the Act.

■ The term, "public record," is defined in Section 1(2) of the Act as follows:

Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges or immunities, duties or obligations of any person or group of persons:....

65 P.S. § 66.1(2). The foregoing definition is narrowed by the following exceptions to disclosure as follows:

the term "public records" shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act.

65 P.S. § 66.1(2). Petitioner avers that the survey and Protocol fall within the definition of public record as a decision that establishes, alters, or denies rights, privileges, immunities, duties, or obligations upon the agency. The Department maintains that the requested information does not fall within any one of the definitions of public record and correctly points out that the information is not a public record if it does not contain some actual agency determination fixing rights or duties or form the basis for such a determination. *North Hills News Record v. McCandless,* 555 Pa. 51, 722 A.2d 1037 (1999); *Sipe v. Snyder,* 163 Pa.Cmwlth.

232, 640 A.2d 1374 (1994), *petition for allowance of appeal denied,* 542 Pa. 676, 668 A.2d 1138 (1995), (a document may be subject to disclosure where it forms the basis for an agency decision); *Nittany Printing v. Centre County,* 156 Pa. Cmwlth. 404, 627 A.2d 301 (1993).[2] However, in advancing this argument, the Department argues that the survey and Protocol amount to nothing more than the gathering of information; thus, neither is subject to disclosure. *McCandless.* In advancing that argument, the Department fails to reconcile its own concession, *i.e.,* the fact that the Protocol provides guidance to Department healthcare professionals in identifying and treating the Hepatitis C virus, with its assertion that the Protocol does not establish any obligations owed by the Department. (See Re-certification of the Record Pursuant to Pa. R.A.P.1952 filed by the Department, Exhibit "D".) Furthermore, it appears from the record that the basis for the Protocol is the survey, since it forms the basis for subsequent action by the Department and its healthcare professionals. Petitioner is not asking for the raw data from the survey,[3] but rather for the survey results. Therefore, we conclude the Department improperly denied Petitioner access to the survey results and Protocol; the information should have been made available to Petitioner in accordance with the policies of the Department. 65 P.S. § 66.2.

The intent of the Act is to insure the availability of government information to citizens of the Commonwealth by providing access to official information;[4] therefore, broad construction is given to the initial determination of whether a document is a public record.[5] The mere request for a document is not enough to establish that the document is a public record as defined by the Act. Rather, the party seeking documents must demonstrate a close relationship between the requested material and an agency minute, order, or decision fixing some right or duty. Considering that the Protocol provides guidance to the Department's healthcare officials in the identification and treatment of inmates with Hepatitis C, the Department has essentially conceded that the Protocol has resulted in medical attention to affected inmates. There is a relationship between the survey and the Protocol, and the subsequent medical attention that the Department's healthcare professionals have and/or will provide to state correctional inmates afflicted with Hepatitis C. Therefore, the information sought is a public record within the meaning of the Act, and the Department erred in concluding otherwise.

However, petitioner also seeks to review or copy medical documentation of inmates under the care of the Department. Such information may not be disseminated

---

**2.** The individual seeking disclosure must establish that the requested material: (1) is generated by an "agency" covered by the Act; (2) is a minute, order, or decision of an agency or an essential component in the agency arriving at its decision; (3) fixes the personal or property rights or duties of any person or group of persons; and (4) is not protected by statute, order, or decree of court.

**3.** *Aamodt v. Department of Health,* 94 Pa. Cmwlth. 54, 502 A.2d 776 (1986) (holding that raw data obtained in connection with a government survey did not constitute a public record for Right–to–Know Act purposes); *Ar-*

*onson v. Pennsylvania Department of Labor and Industry,* 693 A.2d 262 (Pa.Cmwlth.1997) (holding that copies of responses to a government-sponsored prevailing wage survey were not public records under the Act).

**4.** *Tribune–Review Publishing Company v. Allegheny County Housing Authority,* 662 A.2d 677 (Pa.Cmwlth.1995), *petition for allowance of appeal denied,* 546 Pa. 688, 686 A.2d 1315 (1996).

**5.** *Id.*

to petitioner since it would reveal confidential information in the inmate's medical record; thus, it is protected from disclosure as an exception to the Act. 65 P.S. § 66.1; *Times Publishing Company v. Michel,* 159 Pa.Cmwlth. 398, 633 A.2d 1233 (1993), *petition for certiorari denied,* 538 Pa. 618, 645 A.2d 1321 (1994). Therefore, the Department properly denied Petitioner access to medical documentation of inmates under the Department's care.

Accordingly, the decision of the Department denying Petitioner access to the survey results and to the Protocol is reversed; the decision of the Department denying Petitioner access to the medical records of inmates is affirmed.

### ORDER

AND NOW, this 14th day of March 2001, the decision of the Respondent Department of Corrections denying Petitioner Julian Heicklen access to the survey results and to inspect the Protocol for Hepatitis C Identification and Treatment is reversed; the decision of the Respondent Department of Corrections denying Petitioner Julian Heicklen access to the medical records of inmates is affirmed.