George CANAVAN, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (B & D Mining Company), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 29, 2000.
Decided March 26, 2001.

Colleen M. Fowler, Frackville, for petitioner.

Marion H. Griffin, Philadelphia, for respondent.

Before SMITH, Judge, KELLEY, Judge and RODGERS, Senior Judge.

SMITH, Judge.

George Canavan (Petitioner) petitions this Court for review of the May 30, 2000 order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) denying Petitioner's motion to set aside a final receipt executed by Petitioner on October 15, 1981. Petitioner contends that the Board erred in affirming the WCJ's decision based upon a finding that Petitioner's treating physician did not offer an opinion regarding disability at the time Petitioner signed a final receipt and that

such a conclusion is contradicted by substantial competent evidence of record.

Petitioner suffered a work-related back injury on June 9, 1980 during the course of his employment with B & D Mining Company (Employer). He received benefits pursuant to a notice of compensation payable. Petitioner executed a final receipt on October 15, 1981, acknowledging a return to work on that date with Employer at his pre-injury position without a loss of earnings. On December 15, 1981, Petitioner injured his left knee when he fell from a bulldozer while in the course of his employment with Employer. Employer issued a notice of compensation payable for the knee injury.

In December 1983 Employer filed a petition for modification, alleging that Petitioner was no longer totally disabled from his December 1981 knee injury and was capable of returning to work. In September 1984 Petitioner filed a petition to set aside the final receipt alleging that he was never free of back pain since the original back injury on June 9, 1980. WCJ Isadore Krasno issued a decision and order dated February 8, 1989 continuing indefinitely the petition to set aside the final receipt pending the outcome of Employer's December 1983 modification petition[1] and stating that either party might reactivate the status by filing a petition with the Board.

Petitioner's counsel requested that the petition to set aside the final receipt be placed in active status for hearing on the merits in conjunction with a petition to reinstate benefits filed by Petitioner in August 1992. After hearing the two petitions, WCJ Krasno dismissed both of them in September 1993. He determined that Petitioner did not provide substantial competent evidence of his condition as of the time the final receipt was executed and that he failed to sustain his burden of proving total disability. The Board affirmed, but this Court by order dated December 23, 1996 vacated the Board's order insofar as it affirmed dismissal of Petitioner's petition to set aside the final receipt. The Court remanded for the WCJ to make credibility findings and conclusions regarding the testimony of Petitioner's medical witness Dr. Landis C. Heistand concerning any residual disability that Petitioner may have suffered at the time he signed the final receipt.

The Board remanded the matter to another WCJ for findings in accordance with the Court's directive. In May 1998 the WCJ found that Dr. Heistand failed to provide an opinion regarding any ongoing disability due to Petitioner's back injury at the time he signed the final receipt. The WCJ rejected Dr. Heistand's testimony as "unpersuasive." Her Findings of Fact Nos. 3–4 state:

> 3. Dr. Heistand first examined Claimant on October 17, 1981. At that time, Claimant was working, and he did not take Claimant off work. Dr. Heistand testified that he next saw Claimant on December 28, 1981, after Claimant injured his left knee, and took him off work as a result of the knee injury. He testified that he did not know whether Claimant's back injury would have prevented him from working if he did not have the knee problem.

---

1. Petitioner and Employer assert in their briefs that on June 9, 1987, WCJ Krasno issued a decision granting Employer's modification petition and finding that Petitioner was entitled to partial disability. The decision was appealed to the Board, which remanded the matter to WCJ Krasno for further findings of fact and conclusions of law. According to the parties, after two remands, WCJ Krasno issued a third decision granting Employer's modification petition as of August 1983, and the decision was not appealed.

4. To the extent that the opinions of Dr. Heistand can be interpreted as indicating that Claimant was disabled on October 15, 1981, as a result of his back injury which occurred on June 9, 1980, the opinions of Dr. Heistand are unpersuasive. Dr. Heistand gave no opinion concerning Claimant's disability until after the knee injury occurred, and then his opinion was that the Claimant was disabled as a result of the knee injury, and not as a result of the back injury.

Petitioner appealed, arguing that the substantial weight of the evidence supported Petitioner's contention that he continued to suffer residual disability due to his back injury when he signed the final receipt. The Board affirmed the WCJ.[2]

▮▮▮▮▮ To set aside a final receipt, a claimant must establish by substantial, competent evidence that he or she had not fully recovered from the work-related injury at the time the final receipt was signed. *Weber v. Workers' Compensation Appeal Board (Shenango, Inc.)*, 729 A.2d 1249 (Pa. Cmwlth.1999), *appeal denied*, 561 Pa. 682, 749 A.2d 474 (2000). When it is not obvious that the claimant had not fully recovered and the claimant has returned to work with no loss of earning power, unequivocal medical testimony is necessary to set aside a final receipt. *Aetna Electroplating Co. v. Workmen's Compensation*

*Appeal Board (Steen)*, 116 Pa.Cmwlth.66, 542 A.2d 189 (1988). Whether medical testimony is equivocal is a conclusion of law fully reviewable by this Court. *Cordero v. Workmen's Compensation Appeal Board (H.M. Stauffer & Sons, Inc.)*, 664 A.2d 1106 (Pa.Cmwlth.1995).

Petitioner argues that the testimony of Dr. Heistand clearly shows that Petitioner continued to suffer residual disability at the time he signed the final receipt.[3] Petitioner refers to numerous instances in which the doctor opined that the back problems Petitioner suffered in 1982 resulted from Petitioner's work-related injury and that he has never fully recovered or become asymptomatic. Employer argues that the decision to not set aside the final receipt was proper in that Petitioner did not present testimony sufficient to meet his burden to show that he continued to suffer disability at the time he executed the final receipt.

▮▮▮▮ A review of the WCJ's findings convinces the Court that the WCJ once again failed to make the credibility findings required by the Court's remand order. The WCJ acknowledged in Finding of Fact No. 2 that she was directed to make findings of fact and conclusions concerning the credibility of Dr. Heistand's testimony. Although no magic words may be required for credibility determinations, the WCJ's use of the term "not persua-

2. This Court's review of the Board's decision is limited to determining whether necessary findings are supported by substantial evidence in the record and whether there was an error of law or a constitutional violation. *Continental Baking Co. v. Workmen's Compensation Appeal Board (Hunt)*, 688 A.2d 740 (Pa. Cmwlth.1997). Credibility determinations and evaluations of the weight of evidence are within the province of the WCJ as the finder of fact, and the WCJ may accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Id.* Substantial evidence is such evidence as a reasonable

mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Cmwlth.382, 539 A.2d 11 (1988).

3. Petitioner argues that the testimony of Dr. Heistand was uncontradicted. On October 17, 1981, the doctor diagnosed Petitioner with a sciatica–type back problem related to the work injury. He continued to treat Petitioner for backache and left sciatica; from the date of injury to 1984, Petitioner was never asymptomatic and he was hospitalized in 1984 for his problems.

sive" may be subject to different interpretations. Employer concedes in its brief that the WCJ did not make the required credibility findings.[4] The Court cannot determine whether the WCJ determined that Dr. Heistand's testimony was not credible or whether it simply was equivocal. Because the WCJ's decision must be sufficiently definite to allow for appellate review, the Court is once again compelled to remand this matter for the WCJ to make specific findings as to the credibility of Dr. Heistand's testimony. The WCJ shall issue a new decision based upon the findings and conclusions reached therefrom. The Board's order is vacated, and this case is remanded.

## ORDER

AND NOW, this 26th day of March, 2001, the order of the Workers' Compensation Appeal Board is vacated, and this case is remanded for specific findings as to the credibility of Petitioner's medical witness in accordance with the foregoing opinion. Jurisdiction is relinquished.

4. Employer argues that the WCJ did not need to make a specific finding as to Dr. Heistand's credibility because Dr. Heistand's testimony was insufficient to meet Petitioner's burden even if it was totally credible. Dr. Heistand opines throughout his deposition that Petitioner never got to the point when his back was asymptomatic and that the injury has never resolved. The doctor's testimony, if believed, may constitute unequivocal medical testimony sufficient to support Petitioner's petition to set aside the final receipt.