934 A.2d 692

Kevin KENNELTY

v.

## WORKERS' COMPENSATION APPEAL BOARD (SCHWAN'S HOME SERVICE, INC.)

**Petition of Schwan's Home Service, Inc.**

Supreme Court of Pennsylvania.

Nov. 14, 2007.

## *ORDER*

PER CURIAM.

**AND NOW** this 14th day of November 2007, the Petition for Allowance of Appeal is granted. The order of the Commonwealth Court dated May 31, 2006, is reversed. The WCJ determined that the testimony of the employees of Schwan's Home Service, Inc., was credible to the extent they testified that the frequency of occurrences of work-related incidents experienced by Petitioner was normal for their specific industry; the Commonwealth Court is not free to disturb this credibility determination based on competent evidence. *See Daniels v. WCAB (Tristate Transp.)*, 574 Pa. 61, 828 A.2d 1043, 1052 (2003) (holding that the WCJ is the ultimate finder of fact and the exclusive arbiter of credibility and evidentiary weight). *See also RAG (Cyprus) Emerald Resources, L.P. v. WCAB (Hopton)*, 590 Pa. 413, 912 A.2d 1278 (2007) (holding that the aggravation of a pre-existing psychic injury by a psychic stimulus is compensable pursuant to workers' compensation laws only where credible evidence demonstrates that such injury stems from an abnormal working condition). Additionally, Employer's Petition for Supersedeas is denied as moot.

Justice SAYLOR filed a Concurring Statement.

Justice SAYLOR, concurring.

I support the Commonwealth Court's refusal to accept that the experience of a food delivery person of multiple incidents of robbery at gunpoint over a six-month period can be characterized as anything other than an abnormal working condition. I join the result reached by the majority, solely because I view the WCJ's statement that Claimant's medical experts were not persuasive and the ensuing explanation for such statement as constituting a credibility determination that is binding on appeal. *But see Canavan v. WCAB (B & D Mining Co.)*, 769 A.2d 1250 (Pa.Cmwlth.2001) (holding that the WCJ's use of the term "not persuasive" when discussing testimony from a

medical expert may be subject to different interpretations and remanding for clarification of whether the evidence was rejected on credibility or competency grounds).