IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Allegheny,           :
                                         : No. 2602 C.D. 2015
                                         : Submitted: August 5, 2016
                    Petitioner       :
                                           :
                     v.                    :
                                           :
Workers' Compensation Appeal     :
Board (Nicini),                         :
                                           :
                   Respondent     :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: February 3, 2017


County of Allegheny (Employer) petitions for review of the November 18, 2015 order of the Workers' Compensation Appeal Board (Board), affirming in part, reversing in part, and vacating in part the decision of a workers' compensation judge (WCJ),[1] which granted the review petition filed by Nicholas Nicini (Claimant), denied Employer's termination petition, and ordered Employer to continue paying Claimant weekly benefits of $732.46 per week. The Board affirmed the grant of Claimant's review petition, reversed the denial of Employer's

---

[1] The decision was issued by WCJ Eric Jones, to whom the matter was reassigned following the retirement of WCJ Susan Cercone.

termination petition in part, and vacated the WCJ's award of ongoing compensation. We affirm.

Claimant suffered a work injury on February 23, 2013, during the course of his employment as a corrections officer. He was treated in the emergency room, and he returned to light duty work with no wage loss. Employer issued a medical-only notice of temporary compensation payable, which converted to a medical-only notice of compensation payable (NCP),[2] recognizing closed fractures of the third and fourth fingers of Claimant's left hand and a lumbar strain.

On January 20, 2014, Claimant filed a review petition seeking to expand the description of the work injuries in the NCP to include an aggravation of underlying spondylolisthesis/spinal stenosis. Employer subsequently filed a termination petition alleging that Claimant was fully recovered from his work-related injuries as of June 16, 2013.

Claimant testified that he worked as a corrections officer at the Allegheny County Jail.[3] He said that he was injured on February 23, 2013, after he responded to a call from another officer who complained that an inmate was giving

---

[2] Generally, an employer must issue a notice of compensation payable or a notice of compensation denial within twenty-one days of notice of a work injury. Section 406.1(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §717.1(a). However, where there is uncertainty regarding compensability or the extent of liability, an employer may initiate compensation payments for a period not exceeding 90 days without prejudice or without admitting liability, by issuing a notice of temporary compensation payable. Section 406.1(d) of the Act, 77 P.S. §717.1(d)(1). Both the notice of temporary compensation payable, LIBC-501, and the notice of compensation payable, LIBC-495, provide an option for payment for medical treatment only.

[3] Claimant testified before WCJ Jones on July 28, 2014. Reproduced Record (R.R.) at 77-98.

him a hard time. Claimant stated that he was escorting the inmate back to his cell, with his hand on the inmate's back, and the inmate tried to smack Claimant's hand away as they ascended the stairs. Claimant grabbed the inmate's shirt tightly and, as Claimant walked up one or two steps, the inmate suddenly stopped and pulled Claimant back, causing him to strike his hand and lose his balance, but not fall. Claimant returned the inmate to his cell and continued working. He awoke during the night with back pain and found his hand bruised and swollen.

Claimant testified that he first sought treatment from Paul Liefeld, M.D., a panel physician, and he currently sees Gerard J. Werries, M.D., every six weeks. He also sees David A. Provenzano, M.D., who provides him injections for pain relief. Claimant stated that surgery had been recommended, but he was waiting for a determination of whether it would be covered by workers' compensation so that his credit would not be affected. He explained that he has an excellent credit score and, while he has health insurance, he did not want to be off work without income. R.R. at 79-94.

Claimant submitted medical records and reports, including records of Dr. Werries, Dr. Provenzano, and David L. Kaufmann, M.D., whom Claimant saw on July 9, 2013, for a neurosurgical evaluation.[4] Employer offered into evidence

---

[4] Section 422 of the Act, added by the Act of June 26, 1919, P.L. 642, 77 P.S. §835, provides in part:

> Where any claim for compensation at issue before a workers' compensation judge involves fifty-two weeks or less of disability, either the employe or the employer may submit a certificate by any health care provider as to the history, examination, treatment, diagnosis, cause of the condition and extent of disability, if any, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or such reports. . . .

the deposition testimony of Daniel Kelly Agnew, M.D., who performed an independent medical evaluation (IME) of Claimant on June 26, 2013. Dr. Agnew opined that Claimant's work injury did not aggravate his pre-existing conditions and that Claimant was fully recovered from the work injury. R.R. at 104-58.

Claimant acknowledged during the hearing that he had fully recovered from his hand injury. There also was no dispute that Claimant previously was diagnosed with a grade I spondylolisthesis at L5-S1 in 2010.

By decision and order dated October 24, 2014, the WCJ granted Claimant's review petition and amended the description of the work injury to include a "low back injury that substantially contributed to left sciatica, spondylolisthesis, and degenerative disc disease." WCJ's decision at 11. The WCJ denied Employer's termination petition, finding that Claimant had recovered from the hand injury, but Employer had not met its burden of proving that Claimant fully recovered from the work injury.[5] In making these determinations, the WCJ resolved conflicts in the evidence in Claimant's favor. WCJ's Finding of Fact No. 9.

Employer appealed to the Board, arguing, *inter alia*, that the WCJ erred in denying Employer's termination petition and failed to issue a reasoned decision. The Board agreed with Employer's first argument and ordered that the termination petition be granted in part.[6]

---

[5] Although Claimant was not receiving wage loss benefits, the WCJ further concluded that Claimant remained entitled to receive weekly compensation at the rate of $742.46, less attorney fees. The Board corrected this error on appeal and vacated that portion of the WCJ's order.

[6] As the Board recognized, however, an employer "must prove that *all* of the claimant's work-related disability has ceased" in order to be entitled to a termination of medical and wage **(Footnote continued on next page…)**

However, the Board rejected Employer's contentions that the WCJ's credibility determinations reflect a misapprehension of the facts and the law. According to the Board:

> The WCJ accepted Claimant's evidence over that of [Employer's] and stated numerous actual objective reasons for this determination, including the fact that Dr. Werries saw Claimant shortly after the work incident and was his treating physician, that Dr. Agnew did not have certain qualifications, and that Dr. Agnew did not

---

**(continued…)**

loss benefits related to the work injury. *Central Park Lodge v. Workers' Compensation Appeal Board (Robinson)*, 718 A.2d 368, 370 (Pa. Cmwlth. 1998) (emphasis in original) (citations omitted). Pennsylvania courts have repeatedly held that in a termination proceeding, an employer bears the burden of proving by substantial evidence that a claimant's disability has ceased, "or that *any remaining conditions* are unrelated to the work injury. An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's *full recovery from her work-related injuries.*" *Westmoreland County v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213, 217 (Pa. Cmwlth. 2007) (emphasis added) (citation omitted).

The Board interpreted the decision in *Indian Creek Supply v. Workers' Compensation Appeal Board (Anderson)*, 729 A.2d 157 (Pa. Cmwlth. 1999) as inviting a departure from our case law. In that case we held that the employer satisfied its burden with respect to the claimant's lumbosacral strain but not the residual problems from his disc herniation. We find no support for the Board's analysis in *Indian Creek Supply*. More important, we believe that the Board is fashioning a "cure" for a problem that does not exist: it is by now well-settled that a finding of fact that is not challenged on appeal is binding on the parties in subsequent proceedings. *Mino v. Workers' Compensation Appeal Board (Crime Prevention Association)*, 990 A.2d 832, 839 (Pa. Cmwlth. 2010); *Temple University Hospital v. Workers' Compensation Appeal Board (Sinnot)*, 866 A.2d 489, 494 n.4 (Pa. Cmwlth. 2005). Here, the WCJ's unchallenged finding that Claimant was fully recovered from the hand injury is sufficient, in itself, to entitle Employer to the relief the Board seeks to supply. We conclude that the Board's piecemeal approach is both unnecessary and ill-advised, and we direct the Board's attention to our decision in *Ingram Micro v. Workers' Compensation Appeal Board (Heim)*, (Pa. Cmwlth., No 1716 C.D. 2013, filed May 23 2014) (holding that termination of benefits in part was improper).

5

persuasively cite to any medical theory or literature to support his opinions.

Board's opinion at 10. Thus, the Board affirmed the grant of Claimant's review petition.

On appeal to this Court,[7] Employer argues that the WCJ failed to issue a reasoned decision. Section 422(a) of the Act states that

> [a]ll parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

77 P.S. §834.

Employer asserts that: the WCJ did not sufficiently address the credibility of Claimant's testimony; the WCJ failed to consider all of the evidence

---

[7] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *Milner v. Workers' Compensation Appeal Board (Main Line Endoscopy Ctr.),* 995 A.2d 492, 495 n.2 (Pa. Cmwlth. 2010). Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003).

of record; the WCJ's credibility determination concerning Dr. Agnew's testimony reflects a misapprehension of the facts and the law; the WCJ relied on incompetent medical testimony; and the WCJ's ruling on Dr. Provenzano's testimony is not supported by substantial evidence.

We first address Employer's contention that the WCJ's decision was not reasoned because he failed to consider all of the evidence of record, specifically, three diagnostic reports that Employer submitted as exhibits. Employer complains that the WCJ made no reference to these reports. He did not note that they were uploaded in WCAIS,[8] indicate whether they were admitted, or list the reports as exhibits in his decision. Employer further complains that the WCJ failed to consider Employer's argument that the reports showed little change in Claimant's preexisting condition.

However, we have previously explained that "in providing an adequate basis for appellate review, the WCJ is not required to address all of the evidence presented in a proceeding" in his written adjudication. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 753 A.2d 293, 304 (Pa. Cmwlth. 2000), *aff'd*, 828 A.2d 1043 (Pa. 2003). Instead, to satisfy the "reasoned decision" requirement, a WCJ must only make findings necessary to resolve the issues raised by the evidence and relevant to the decision. *Pryor v. Workers' Compensation Appeal Board (Colin Service Systems)*, 923 A.2d 1197, 1202 (Pa. Cmwlth. 2006); *Montgomery Tank Lines v. Workers' Compensation Appeal Board (Humphries),* 792 A.2d 6, 13 n.10 (Pa. Cmwlth. 2002). Because the

---

[8] WCAIS is the acronym for the Workers' Compensation Automation and Integration System, the Pennsylvania Department of Labor and Industry's electronic case management system.

WCJ was not required to discuss all of the evidence presented, Employer's argument in this regard necessarily fails.

Employer's remaining arguments relate to the WCJ's credibility determinations, which are set forth in Finding of Fact No. 9. In its entirety, that finding states:

> 9. **Resolution of the conflict of evidence, analysis of the evidence and discussions.** Based on a weighing of all of the evidence in the case, I make the following findings of fact.
>
> a. When claimant testified before me on July 28, 2014, his testimony, overall, was very believable. He confirmed that he returned to work based on Dr. Werries restrictions. Claimant confirmed that the employer was honoring the restrictions for claimant as a corrections officer at employer. [ ]
>
> b. The claimant's medical experts, Dr. Werries and Dr. Provenzano both were treating physicians of the claimant. Dr. Kaufmann saw claimant for a consultation. Dr. Werries saw the claimant shortly after claimant's February 23, 2013 injury and had continued to treat the claimant. Dr. Werries obviously had gotten the claimant to the point of returning to work at modified duty, but opining claimant could not return to his regular job. That is very reasonable, especially in view of Dr. Werries returning the claimant to modified duty work and there would be no wage loss involved in this litigation. Dr. Provenzano was a pain management physician referred to by an associate physician of Dr. Werries and apparently continuing with Dr. Werries for the referrals. Therefore, there are two physicians who support the claimant who support that claimant [sic] had a low back injury that included an aggravation of the pre-existing conditions. Both physicians agree that it was claimant's February 23, 2013 low back injury that caused the aggravation. Dr. Provenzano obviously does not support the opinion of Dr. Agnew as employer's medical expert. There is

8

obviously a coordination of treatment between Dr. Provenzano and Dr. Werries and especially as far as returning claimant to modify to work [sic]. The evidence is very persuasive that claimant's symptoms of an underlying low back condition became for [sic] symptomatic following his February 23, 2013 work injury. Clearly, the causally [sic] relationship is there and is persuasive since employer relies on Dr. Agnew, who opines claimant did not have a significant injury, when obviously Dr. Werries and Dr. Provenzano have opinions to the contrary and are continuing to treat claimant more than a year and a half following his work injury. Therefore, the opinions of Dr. Agnew, as discussed previously, [are] not creditable. Dr. Agnew's qualifications do not establish him as any expert in medical forensics. In fact, he does not even cite any medical theory persuasively or any medical literature that support his opinion that the mechanism of injury was not significant. Rather, the evidence is very persuasive that claimant had an underlying low back condition without significant symptoms before his work injury and those became more symptomatic after the work injury. Dr. Agnew's opinion to the contrary is not found persuasive in view of the opinions of two treating physicians and taking into account that claimant has returned to work at modify [sic] duty based on the treatment of Dr. Provenzano and Dr. Werries.

c. Even though claimant has treated for the symptoms since the work injury, Dr. Agnew was unwilling to acknowledge an aggravation that produced those symptoms. Again, this appears as though advocacy by Dr. Agnew rather than the opinion objectively analyzing the evidence in the case (p47).

d. The physicians both agreed that claimant's low back injury was a substantial contributing factor to left sciatica, spondylolisthesis and degenerative disc disease.

WCJ's decision at 8-9.

Relying on *Canavan v. Workers' Compensation Appeal Board (B & D Mining Co.)*, 769 A.2d 1250, 1252 (Pa. Cmwlth. 2001), Employer contends that

9

the WCJ's decision is not reasoned because his ruling on Claimant's credibility was not sufficiently definite. In *Canavan*, the WCJ found that the opinions of the claimant's medical witness were "unpersuasive." On appeal, this Court stated that it could not determine whether the WCJ found the doctor's testimony not credible or unequivocal,[9] and the employer conceded that the WCJ did not make the specific credibility findings that were required by the Court's prior remand order.

Here, Employer asserts that the WCJ's statement that Claimant's testimony was "very believable" is insufficient for purposes of meaningful appellate review. However, Employer does not suggest that Claimant's testimony was in any respect equivocal, or otherwise incompetent. We conclude that Employer's reliance on *Canavan* is misplaced, and we reject Employer's contention that the WCJ's finding as to Claimant's testimony rendered his decision inadequate for purposes of appellate review.

Employer next argues that the WCJ's decision is not reasoned because his credibility determination concerning Dr. Agnew's testimony reflects a misapprehension of the facts and the law. Specifically, Employer complains that the WCJ erred in rejecting Dr. Agnew's testimony on the grounds that Dr. Agnew was not an expert in medical forensics, he did not cite any medical theory or literature in support of his opinion, and his testimony appeared to be advocacy rather than an objective opinion. Employer asserts that Dr. Agnew is a qualified

---

[9] In workers' compensation cases, the issue of whether testimony is equivocal generally arises with respect to medical testimony. Where the cause of a claimant's medical condition is not obvious, unequivocal medical testimony is required, *Albert Einstein Healthcare v. Workers' Compensation Appeal Board (Stanford)*, 955 A.2d 478, 482 (Pa. Cmwlth. 2008), and medical testimony that is equivocal will be deemed incompetent. *Campbell v. Workers' Compensation Appeal Board (Pittsburgh Post-Gazette)*, 954 A.2d 726, 730 (Pa. Cmwlth. 2008). Whether medical testimony is equivocal is a question of law subject to plenary review. *Id.*

medical expert in the field of orthopedic surgery and, as such, was not required to cite authority for his medical opinions but properly relied on the facts and his observations during the IME. Employer further argues that the WCJ did not apply the same standards in evaluating the opinions of Claimant's medical witnesses.

It is well settled that where medical experts testify by deposition, a WCJ's resolution of conflicting evidence must be supported by more than a statement that one expert is deemed more credible than another. *Dorsey v. Workers' Compensation Appeal Board (Crossing Construction Co.)*, 893 A.2d 191, 194-95 (Pa. Cmwlth. 2006). "Some articulation of the actual objective basis for the credibility determination must be offered for the decision to be a 'reasoned' one which facilitates effective appellate review." *Id.* at 194-95 (quoting *Daniels*, 828 A.2d at 1053). There are countless objective factors that may support a WCJ's credibility determinations, and such factors must be identified in the WCJ's decision. *Dorsey*, 893 A.2d 195.

Nevertheless, we have repeatedly stressed that Section 422(a) of the Act does not permit a party to challenge or second-guess a WCJ's reasons for credibility determinations. *Id.; Kasper v. Workers' Compensation Appeal Board (Perloff Brothers, Inc.)*, 769 A.2d 1242, 1244 (Pa. Cmwlth. 2001). In *Kasper*, we declined the claimant's "invitation to individually scrutinize each of the WCJ's reasons for his credibility determination." *Id.* We explained that

> [d]eciding credibility is the quintessential function of the fact-finder, particularly one who sees and hears the testimony. It is not an exact science, and the ultimate conclusion comprises far more than a tally sheet of its various components. We will not take the statutory mandate that a WCJ explain reasons for discrediting evidence as a license to undermine the exercise of this

11

> critical function by second guessing one or more of its constituent parts.

*Id.* (footnote omitted). In sum then, unless made arbitrarily or capriciously, a WCJ's credibility determinations will not be disturbed on appeal. *Empire Steel Castings, Inc. v. Workers' Compensation Appeal Board (Cruceta)*, 749 A.2d 1021, 1027 (Pa. Cmwlth. 2000); *PEC Contracting Engineers v. Workers' Compensation Appeal Board (Hutchinson)*, 717 A.2d 1086, 1089 (Pa. Cmwlth. 1998).

Here, the WCJ credited Claimant's medical evidence, noting that Dr. Werries saw Claimant shortly after the incident and was Claimant's treating physician. The WCJ's reasons for rejecting Dr. Agnew's testimony include the fact that his testimony conflicts with Claimant's medical evidence. The WCJ also cited Dr. Agnew's testimony that Claimant did not have a significant injury as indicative of bias rather than an objective opinion. Because the WCJ provided objective reasons for these credibility determinations, we cannot conclude that the WCJ acted arbitrarily or capriciously in this instance.

Employer further argues that Dr. Werries' testimony was incompetent. "A physician's assumption that an injury is caused by a recent event because of the temporal proximity is not a sufficiently competent opinion to establish a causal relationship." *Lewis v. Workmen's Compensation Appeal Board*, 498 A.2d 800, 803 (Pa. 1985). However, we reject Employer's contention that the crux of Dr. Werries' opinion as to causation was the temporal proximity of Claimant's complaints to the work event. In his report, R.R. at 203-206, Dr. Werries states that a twisting injury to Claimant's low back on February 23, 2013, caused radiating pain to the left calf that continued to the time of Claimant's first visit on February 27, 2013. R.R. at 203. He reviews the course of Claimant's medical treatment, including diagnostic studies performed, and he concludes:

12

1. My diagnosis for [Claimant] is left sciatica, acquired spondylolisthesis, and degenerative disc disease of the lumbar spine.

2. My opinion, within a reasonable degree of medical certainty, is that the accident was a substantial contributing factor to [Claimant's] current low back problems. The injury represents an aggravating event. He had no symptoms and no disability prior to his injury on February 23, 2013.

R.R. at 205.

The medical report reflects that, when taken as a whole, Dr. Werries' opinion did not rest solely on a temporal relationship between the work incident and Claimant's worsening back condition. *See Lewis*, 498 A.2d at 803-804 (testimony of a medical witness must be reviewed and taken as a whole). *See, also, Budd Co. v. Workers' Compensation Appeal Board (Kan)*, 858 A.2d 170, 179-80 (Pa. Cmwlth. 2004) (concluding that a medical report is competent evidence where disability of 52 weeks or less is at issue and stating that "[w]hether the content of the report sufficiently addresses matters at issue and whether the report is persuasive are questions relating to credibility and to weight rather than to admissibility.").

Finally, we reject Employer's assertion that the WCJ's decision is not reasoned because his credibility ruling on Dr. Provenzano's testimony is not supported by substantial evidence. Employer argues that, contrary to the WCJ's statements that Drs. Werries and Provenzano both found a causal relationship between Claimant's work injury and his worsened medical condition, Dr. Provenzano's records do not address the issue of causation. However, Employer concedes that such an opinion may have been submitted by Dr. Kaufmann, but not discussed by the WCJ. More important, the WCJ articulated additional objective

bases for accepting Claimant's medical evidence that are supported by the record. *See Dorsey,* 893 A.2d at 196 ("this reason permits verification during appellate review, and it is alone sufficient to support a credibility finding.").

Based on the foregoing, we conclude that while the WCJ's analysis is not a model of clarity, it is adequate for purposes of appellate review and, thus, it satisfies the reasoned decision requirement of Section 422(a) of the Act.

Accordingly, we affirm.


_____
MICHAEL H. WOJCIK, Judge


Judge McCullough did not participate in this decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Allegheny,       :
      : No. 2602 C.D. 2015
      :
          Petitioner       :
      :
        v.       :
      :
Workers' Compensation Appeal       :
Board (Nicini),       :
      :
          Respondent       :

## O R D E R

AND NOW, this 3rd day of February, 2017, the order of the Workers' Compensation Appeal Board, dated November 18, 2015, is affirmed.

_____
MICHAEL H. WOJCIK, Judge