**George DEGRAW, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (REDNER'S WAREHOUSE MARKETS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 2007.

Decided June 11, 2007.

Thomas D. Aristide, Bethlehem, for petitioner.

Melissa A. Krishock, Norristown, for respondent.

BEFORE: COLINS, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

George Degraw (Claimant) petitions for review from an Order of the Worker' Compensation Appeal Board (Board) which affirmed the Decision of a Workers' Compensation Judge (WCJ) granting his Petition to Review Compensation Benefits. We affirm.

Claimant, a Produce Clerk, filed a Claim Petition on February 21, 2002 alleging that on March 21, 2001, he sustained an aggravation of a pre-existing degenerative lumbar condition resulting in a bulging disc at L3–L4 and herniations at L4–L5 and L5–S1 in the course and scope of his employment with Redner's Warehouse Markets, Inc. (Employer). Claimant sought full disability from February 5, 2002 and ongoing. On the same date, Claimant filed a Petition

to Review Medical Treatment and/or Billing alleging that Employer initially paid his medical bills following his injury but unilaterally stopped payment thereafter. Claimant also filed a Penalty Petition alleging that Employer violated the Pennsylvania Workers' Compensation Act[1] (Act) by failing to file any Bureau documents upon receiving notice of his injury and by unilaterally stopping payment of his medical bills without filing a petition or seeking utilization review.

Employer issued a Notice of Compensation Payable (NCP) on February 20, 2002 acknowledging an "aggravation of L5–S1 radiculopathy." Consequently, at a hearing held April 22, 2002, Claimant amended his Claim Petition to a Petition to Review Compensation Benefits. At a deposition held on September 18, 2002, Employer also put Claimant on notice that it was seeking to amend the NCP in accordance with the diagnosis of its medical expert.

By a Decision circulated November 25, 2003, the WCJ determined that Claimant, based on the opinion of Employer's medical expert, met his burden of proving the NCP was materially incorrect. Consequently, she granted Claimant's Petition to Review Compensation Benefits and amended his injury description to include an acute lumbosacral sprain. The WCJ further found that Employer issued an NCP within days of receiving notice of Claimant's disability. Moreover, she concluded that Claimant failed to establish that Employer failed to pay any causally related medical expenses. Therefore, she found no violation of the Act and denied Claimant's Penalty Petition as well as his Petition to Review Medical Treatment

and/or Billing. The WCJ awarded Claimant litigation costs totaling $2,535.73. The WCJ noted that evidence of record suggested Claimant was fully recovered from his lumbosacral sprain. Nonetheless, as Employer failed to file a Termination Petition, she concluded she was without jurisdiction to grant a termination of benefits. Both parties appealed.

In an Opinion dated March 31, 2005, the Board concluded that the WCJ erred in awarding costs. The Board further concluded that the WCJ erred in finding no violation of the Act when Employer failed to issue an NCP or a Notice of Compensation Denial within twenty-one days of receiving notice of Claimant's injury. Therefore, it remanded the matter to the WCJ for her to assess penalties, if appropriate. The Board affirmed the WCJ's November 25, 2003 Order in all other respects.

■ In a Decision dated February 3, 2006, the WCJ awarded a penalty of $1,000.00 for Employer's violation of the Act. Claimant appealed to the Board requesting that it make its previous Order final to facilitate an appeal to this Court consistent with *Shuster v. Workers' Compensation Appeal Board (Pennsylvania Human Relations Comm'n)*, 745 A.2d 1282 (Pa.Cmwlth.2000)(holding that when the Board remands a case to the WCJ and a new decision is issued, appeal must again be made to the Board first, not the Commonwealth Court). The Board granted Claimant's request in an Order dated September 28, 2006 affirming the WCJ's most recent decision. Thereafter, Claimant filed the instant appeal.[2]

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

2. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Guthrie v. Workers' Compensation Appeal Board (Travelers' Club, Inc.)*, 854 A.2d 653 (Pa.Cmwlth.2004).

Claimant argues that the WCJ erred in finding that his work-related injury was limited· to a sprain. Specifically, he contends that Employer's medical expert lacked foundation and therefore his opinion was equivocal.

■■■ A review petition should be filed to amend an NCP to include additional injuries when the NCP is materially incorrect. *Jeanes Hosp. v. Workers' Compensation Appeal Board (Hass)*, 582 Pa.405, 872 A.2d 159 (2005). The burden remains on the claimant as if a claim petition was filed. *Id.* at 169.

■■■ In a claim petition, the burden of proving all necessary elements to support an award rests with the claimant. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa.135, 634 A.2d 592 (1993). The claimant must establish that his injury was sustained during the course and scope of employment and is causally related thereto. *McCabe v. Workers' Compensation Appeal Board (Dep't of Revenue)*, 806 A.2d 512 (Pa.Cmwlth.2002). When the connection between the injury and the alleged work-related cause is not obvious, it is necessary to establish the cause by unequivocal medical evidence. *Hilton Hotel Corp. v. Workmen's Compensation Appeal Board (Totin)*, 102 Pa. Cmwlth.528, 518 A.2d 1316 (1986).

■■ Claimant testified that he experienced low back pain and pain in his left leg on March 21, 2001 while lifting a fifty-pound bag of carrots. According to Claimant, he had not experienced any pain or problems in his back prior to this date. He continues to experience pain occasionally and, as such, takes prescription medication.

Claimant presented the testimony of Robert Mauthe, M.D., board certified in physical medicine and rehabilitation, who began treating him on November 9, 2001.

Dr. Mauthe diagnosed Claimant with a lumbar disc protrusion at L4–5 and L5–S1 and attributed his condition to the March 21, 2001 incident. He added that the incident caused Claimant's pre-existing degenerative condition become symptomatic.

Employer presented the testimony of Richard Close, M.D., board certified neurologist, who examined Claimant on October 30, 2001. Dr. Close diagnosed Claimant with an acute lumbosacral sprain that had resolved as well as degenerative disc disease with herniations at L4–5 and L5–S1. Dr. Close opined that Claimant's acute lumbosacral sprain was causally related to the incident occurring March 21, 2001. He explained, however, that Claimant's degenerative disc disease and herniations were not work-related. He further opined that Claimant did not sustain an aggravation of his pre-existing condition on the date of injury.

■■ The WCJ credited Claimant's testimony concerning the incident on March 21, 2001 as well as his subsequent symptomotology. She further credited the testimony of Dr. Close that Claimant's work injury was limited to an acute lumbosacral sprain. The WCJ rejected the testimony of Dr. Mauthe. Consequently, she concluded that Claimant established the NCP was materially incorrect and amended it in accordance with the credible testimony of Dr. Close. The WCJ is the final arbiter of witness credibility and the weight to be accorded evidence and may accept or reject the testimony of any witness in whole or in part. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995).

Upon review of the aforementioned, we see no error in the WCJ's determination. As Claimant alleged the NCP is materially incorrect, he had the burden in this proceeding to establish causation for addition-

al injuries by unequivocal medical evidence as if a claim petition were filed. *Jeanes Hosp.*; *Hilton Hotel Corp.* The WCJ rejected Dr. Mauthe's testimony suggesting, *inter alia*, that Claimant had bulging discs as a result of the March 21, 2001 incident. Nonetheless, the WCJ credited the testimony of Dr. Close who opined Claimant sustained a work-related lumbar sprain. As such, the WCJ did not err in granting Claimant's Petition to Review Compensation Benefits and amending the NCP to include this injury.[3] *See SKF USA, Inc., v. Workers' Compensation Appeal Board (Smalls)*, 728 A.2d 385 (Pa.Cmwlth.1999) (holding a party's burden of proof may be met where the necessary evidence is introduced by his adversary).

We reject Claimant's argument that the WCJ erroneously credited Dr. Close's opinion regarding the nature and extent of his work-related injuries because his opinion lacked foundation. Initially, we point out that we have thoroughly reviewed the transcript of Dr. Close and note Claimant's counsel did not object at any point while defense counsel was questioning him as to what injuries Claimant sustained as a result of the March 21, 2001 incident. He objected based on a lack of foundation only when Dr. Close was questioned as to whether Claimant could return to work without any restrictions and whether he was fully recovered from his work-related injury later in the deposition. Furthermore, Section 131.66(b) of the Special Rules Before Workers' Compensation Judges dictates that objections made during a deposition shall be preserved in a separate writing and submitted prior to the close of the evidentiary record. 34 Pa.Code § 131.66(b). Objections not preserved are deemed waived. *Id.* There is no list of preserved objections contained in the record. Thus, even if Claimant's counsel objected on the basis of lack of foundation when Dr. Close was being questioned on the nature of Claimant's injuries, those objections would be waived.

■ We add that in arguing Dr. Close's testimony was equivocal because it lacked foundation, Claimant contends that Dr. Close admitted he did not review a job description, nor did he know the size or weight of the object he was lifting at the time of his injury, or how far his arms were extended. Ultimately, Claimant is asserting that Dr. Close's opinion was incompetent.

■ The opinion of a medical expert must be viewed as a whole. *American Contracting Enters., Inc. v. Workers' Compensation Appeal Board (Hurley)*, 789 A.2d 391 (Pa.Cmwlth.2001). A medical expert's opinion is rendered incompetent only if it is based solely on inaccurate or false information. *Newcomer v. Workmen's Compensation Appeal Board (Ward Trucking Co.)*, 547 Pa.639, 692 A.2d 1062 (1997). The fact that a medical expert does not have all of the claimant's medical information goes to the weight to be given to that individual's testimony, not its competency. *Samson Paper Co. v. Workers' Compensation Appeal Board (Digiannantonio)*, 834 A.2d 1221 (Pa.Cmwlth.2003).

**3.** Claimant contends that the WCJ issued inconsistent findings by crediting Claimant's testimony concerning his symptomotology, specifically the pain radiating into his left leg, following the work incident as well as the opinion of Dr. Close. We reject this argument. Dr. Close did not dispute Claimant had complaints of radicular pain in his left leg that dissipated shortly after the March 21, 2001 incident. Nonetheless, he did not alter his opinion. Moreover, even Dr. Mauthe conceded that if an individual sustains a right sided herniation, as was the case here, that would typically result in right sided radicular complaints.

In order to arrive at his opinion regarding the extent of Claimant's work-related injuries, Dr. Close reviewed several medical reports as well as an EMG study and films of an MRI scan done April 26, 2001. There is no assertion that these records were false or inaccurate. Therefore, consistent with *Newcomer*, Dr. Close offered competent testimony. It is true that Dr. Close admitted he did not review a job description or know the size or weight of the object Claimant was lifting or how far his arms were extended at the time of his injury. This fact, however, as explained in *Digiannantonio*, goes to the weight to be accorded Dr. Close's testimony, not its competency.[4] As noted above, credibility determinations are the sole province of the WCJ and we may not revisit them here. *Greenwich Collieries*.

After a review of the record, we conclude that the Board did not err in affirming the WCJ's Order as all findings are supported by substantial evidence. Accordingly, the Decision of the Board is affirmed.

### ORDER

AND NOW, this 11th day of June, 2007, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

4. In *Long v. Workers' Compensation Appeal Board (Integrated Health Serv., Inc.)*, 852 A.2d 424 (Pa.Cmwlth.2004), this Court held that an opinion that is rendered where the medical professional does not have a complete grasp of the medical situation and/or the work incident *can* be deemed incompetent. We do not believe *Long* is applicable so as to entitle Claimant to any relief in this instance. Although Dr. Close acknowledged he did not know all the intricate details surrounding the mechanics of Claimant's injury, he did testify that he knew Claimant was a produce worker and that the injury occurred while lifting produce.