**Earl CAMPBELL, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PITTSBURGH POST GAZETTE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 9, 2008.

Decided July 29, 2008.

Bruce S. Gelman, Pittsburgh, for petitioner.

Michael E. Relich, Pittsburgh, for respondent.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Earl Campbell (Claimant) petitions for review from an order of the Worker' Compensation Appeal Board (Board) that affirmed, as modified, the decision of a Workers' Compensation Judge (WCJ) denying his Claim and Review Petitions as well as a Modification Petition filed by the Pittsburgh Post Gazette (Employer). We affirm.

Claimant sustained an injury in the course and scope of his employment on January 11, 1994. Employer acknowledged a back strain in a Notice of Compensation Payable (NCP) that was later amended by an order dated June 2, 2000 to include a herniated disc at T8–T9 and syrinx extending from T8–T11.

Employer filed a Modification Petition on June 2, 2003 alleging that as of May 8, 2003, Claimant failed to pursue, in good faith, a job within his physical restrictions where he would have earned $240.00 per week.[1] Thereafter, Claimant filed a Claim Petition alleging that as a result of his injuries sustained on January 11, 1994, he developed severe depression, anxiety, and panic attacks that prevent him from returning to any type of employment. Claimant also filed Review Petitions seeking to amend his injury description and further alleging that medical bills for his psychological conditions have gone unpaid.

1. Employer's Modification Petition is not subject to this appeal.

In seeking benefits for mental injuries that a claimant alleges were caused by a physical stimulus, he is required to show that the physical stimulus caused the mental injuries. *Donovan v. Workers' Compensation Appeal Board (Academy Med. Realty)*, 739 A.2d 1156 (Pa.Cmwlth.1999). Such causal relationship must be established by unequivocal medical evidence. *School Dist. of Phila. v. Workmen's Compensation Appeal Board (Coe)*, 163 Pa.Cmwlth. 89, 639 A.2d 1306 (1994). A claimant alleging a psychological injury stemming from a physical injury is not required to show abnormal working conditions. *Gulick v. Workers' Compensation Appeal Board (Pepsi Cola Operating Co.)*, 711 A.2d 585 (Pa.Cmwlth.1998).

Claimant testified in support of his Petitions. Claimant also presented the testimony of Kenneth Lewis, M.Ed., a licensed professional counselor, who first saw him in 1995. Mr. Lewis believed that Claimant was depressed and had bouts of anxiety. He explained that Claimant's symptoms progressed to the point that he did not want to leave his home. Mr. Lewis believed that Claimant's psychological condition was directly related to his back injury. According to Mr. Lewis, Claimant was unable to work due to his depression and anxiety. He noted that there was a gap in Claimant's counseling sessions from 1997 through 2001.

Claimant further presented the testimony of John Brooks, M.D., who first saw him on November 5, 2002 and was the reviewing psychiatrist over the therapy provided by Mr. Lewis. Dr. Brooks diagnosed Claimant with depressive disorder and anxiety secondary to Claimant's chronic back pain. He elaborated that Claimant's psychological condition is due his ongoing chronic back pain and his perception of his medical frailty preventing him from engaging in any work.

Claimant also presented the testimony of Paul G. Somov, Ph.D., a psychologist, who first saw him on June 23, 2004. According to Dr. Somov, Claimant presented with depressive symptoms and symptoms of anxiety. He noted that Claimant described symptoms of panic disorder with agoraphobia. He diagnosed Claimant with major depressive disorder with recurring depressive episodes as well as panic disorder with agoraphobia. Dr. Somov opined that Claimant's psychological symptoms were related to Claimant's chronic pain and his original work injury.

In a decision dated September 28, 2006, the WCJ concluded that Claimant's claim for psychological injuries was time barred. He added that Claimant failed to give Employer notice of these additional injuries. Nonetheless, the WCJ further determined that Claimant failed to meet his burden of establishing he developed severe depression, anxiety with accompanying panic attacks, or an aggravation of any pre-existing psychological conditions as a result of the physical injuries he sustained on January 11, 1994. Therefore, the WCJ denied Claimant's Claim Petition as well as his Review Petitions.

In rendering his credibility determinations on Claimant's expert witnesses, the WCJ, in Finding of Fact No. 30 of his decision, stated as follows:

> This Judge finds the testimony of Dr. John Brooks was credible and convincing in part, but his testimony was not controlling in this matter. This Judge further finds the testimony of Kenneth Lewis and Dr. Somov were (sic) also credible and convincing in part, concerning the psychological problems that claimant had but that is also not controlling. This Judge further finds that the claimant's expert medical and psychological witnesses did not present a *credible* detailed analysis of why they believed

the claimant's psychological conditions were work related rather than being related to other matters, *because they did not analyze clearly for the undersigned Judge a ruling out of other triggering factors* that might have caused the claimant's psychological problems as (sic) an aggravation of those problems. (Emphasis added).

Reproduced Record (R.R.) at 32a.

On appeal, the Board concluded that the WCJ erred in concluding Claimant's claim was barred by the statute of limitations and that Claimant was required to provide additional notice to Employer concerning his subsequently developed psychological conditions.[2] It modified the WCJ's Order to reflect the same. Because, however, the WCJ further discussed the merits of Claimant's claim for psychological benefits and found that Claimant's experts failed to credibly establish causation, the Board nonetheless affirmed the denial of the Claim and Review Petitions.

In performing its review, the Board recognized, pursuant to *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.

1995), that a WCJ is free to accept or reject, in whole or in part, the testimony of any witness. It added:

Claimant correctly observes that his burden of proving a mental disability caused by a physical stimulus requires only evidence of causation between the two. *Donovan.* However, we determine that the WCJ's inherent finding that Claimant's psychological conditions were not work-related is supported by substantial, competent evidence ... The WCJ ... found Claimant's expert witnesses as to his mental condition to be credible as to Claimant's psychological problems, but not credible 'why they believed the claimant's psychological conditions were work related rather than being related to other matters,' thus rejecting their opinions as to causation.

R.R. at 12a.

Based on the WCJ's credibility determinations, that the Board noted were unreviewable, the Board found no error in the WCJ's conclusion that Claimant failed to meet his burden of proof under *Donovan.*[3] This appeal followed.[4]

**2.** We agree with the Board that the WCJ erred in concluding Claimant's claim for psychological benefits was time barred. *See Kelley v. Workers' Compensation Appeal Board (Standard Steel)*, 919 A.2d 321 (Pa.Cmwlth.2007)(holding that when a claimant seeks to amend an NCP to include additional injuries, he must file his petition within three years of the last payment of compensation). Claimant was receiving benefits at the time he filed his Petitions as evidenced by the fact that Employer filed a modification petition in an attempt to reduce its weekly liability. We note that when a claimant fails to file his petition within the statutory period, the tribunal has no jurisdiction to hear the matter. *Romaine v. Workers' Compensation Appeal Board (Bryn Mawr Chateau Nursing Home)*, 587 Pa. 471, 901 A.2d 477 (2006). As Claimant filed his Petitions within three years of the last payment of compensation, his

claim was not time barred, and there is no issue concerning whether we have jurisdiction over this current appeal.

**3.** Indeed, the appellate role in a workers' compensation case does not include the reweighing of evidence or reviewing the credibility of the witnesses. *Lehigh County Vo-Tech Sch. v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

**4.** Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *DeGraw v. Workers' Compensation Appeal Board (Redner's Warehouse Mkts., Inc.)*, 926 A.2d 997 (Pa. Cmwlth.2007).

Claimant argues on appeal that the Board erred in concluding his appeal was merely an attack on the WCJ's credibility determinations. Instead, he suggests that the WCJ found his experts equivocal and, therefore, incompetent to establish causation. Claimant contends that whether an expert's opinion is equivocal or unequivocal is an issue of law and reviewable by this Court. Moreover, Claimant suggests that the WCJ was inappropriately seeking "magic words" to establish causation, which is unnecessary.

We reiterate that consistent with *Donovan* and *Coe*, Claimant had the burden of establishing, by unequivocal medical evidence, that his mental injuries developed as a result of his initial physical injury sustained while working for Employer in 1994. Medical testimony will be found unequivocal if the medical expert, after providing a foundation, testifies that in his professional opinion that he believes a certain fact or condition exists. *Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Bd. of Educ.)*, 80 Pa.Cmwlth. 640, 472 A.2d 1176 (1984). Medical testimony is equivocal if, after a review of a medical expert's entire testimony, it is found to be merely based on possibilities. *Signorini v. Workmen's Compensation Appeal Board (United Parcel Serv.)*, 664 A.2d 672 (Pa.Cmwlth.1995). Medical testimony will be deemed incompetent if it is equivocal. *Coyne v. Workers' Compensation Appeal Board (Villanova Univ.)*, 942 A.2d 939 (Pa.Cmwlth.2008). Whether medical testimony is equivocal is a question of law subject to plenary review. *Terek v. Workmen's Compensation Appeal Board (Somerset Welding & Steel)*, 542 Pa. 453, 668 A.2d 131 (1995).

There are no magic words that a doctor must recite to establish causation. *Odd Fellow's Home v. Workmen's Compensation Appeal Board (Cook)*, 144 Pa. Cmwlth.280, 601 A.2d 465 (1991). There is no requirement that every utterance that escapes the lips of a medical witness on a medical subject must be certain, positive, and without reservation, exception, or paradventure of a doubt in order to be considered unequivocal. *Johnson v. Workers' Compensation Appeal Board (Abington Mem'l Hosp.)*, 816 A.2d 1262 (Pa.Cmwlth. 2003). Moreover, it is not necessary that the claimant's medical expert rule out with absolute certainty other factors that may have caused or contributed to a condition. *Heath v. Workmen's Compensation Appeal Board (Agway)*, 100 Pa.Cmwlth.524, 514 A.2d 1021 (1986); *see also Fessler v. Workmen's Compensation Appeal Board (Nationwide Ins. Co.)*, 86 Pa.Cmwlth.198, 484 A.2d 422 (1984).

Even if, however, the testimony of a medical expert is unequivocal, it must be accepted by the fact finder to support an award. *Johnson*, 816 A.2d at 1267–8; *see also Bartholetti v. Workers' Compensation Appeal Board (Sch. Dist. of Phila.)*, 927 A.2d 743 (Pa.Cmwlth.2007); *Martin v. Workers' Compensation Appeal Board (Red Rose Transit Auth.)*, 783 A.2d 384 (Pa.Cmwlth.2001). Indeed, this Court has stated that WCJs must make clear whether they are denying a claim based on the fact that the burdened party's medical expert is equivocal or because his opinion simply is not credible. *See Canavan v. Workers' Compensation Appeal Board (B & D Mining Co.)*, 769 A.2d 1250 (Pa.Cmwlth.2001)(holding that a WCJ's description of a witnesses' testimony as being "not persuasive" may be subject to different interpretations precluding this Court from determining whether an expert's testimony was equivocal or not credible).

The WCJ, in Finding of Fact No. 30, explicitly stated that Claimant's medical experts established that Claimant does suffer from psychological conditions such

as depression and anxiety. The WCJ, however, explained that the medical experts did not present a *"credible* detailed analysis" explaining why these conditions are attributable to and developed as a result of his initial physical injury as opposed to any other factors in order to hold Employer liable for such conditions.[5] Thus, a fair reading of his decision indicates that while he credited the Claimant's experts' opinions as to Claimant's diagnosis, he rejected their opinions as to causation.[6] This rejection of Claimant's expert testimony as to causation was within the WCJ's role as fact finder. *Buck.* These credibility determinations are not reviewable by this Court. *Wolfe.*

While Claimant attempts to suggest that the WCJ found Claimant's medical experts' testimony equivocal and that we may therefore review the competency of their testimony pursuant to *Terek,* we cannot ignore the fact that in rendering his credibility determinations, at no point did the WCJ suggest that Mr. Lewis, Dr. Brooks, or Dr. Somov were less than positive in their opinions as to causation or that there opinions appeared to be based on possibilities.[7] The absence of such statements negates any inference that the WCJ denied Claimant's Petitions on the fact that his witnesses were equivocal. It is true that the case law exists that indicates that a medical expert's testimony is not rendered equivocal because he does not rule out all other potential causes of a claimant's disability. *Heath; Fessler.* These cases, when reviewed in their proper context, however, deal with the fact that medical expert need not offer his opinion to a complete certainty and without any reservation or doubt as indicated in *Johnson.* The WCJ did not indicate that Claimant's medical experts offered their opinions with any degree of reservation. Moreover, it is not as if the WCJ found these experts made concessions in their testimony calling the unequivocal nature of their opinions into question. Rather, he found that Claimant's medical experts did not clearly analyze why Claimant's psychological conditions are attributable to his

5. A review of the record submitted in this case reveals that there were other potential stressors in Claimant's life that may plausibly be considered to be the basis of Claimant's depression, anxiety, etc. For instance, Claimant's mother, who lived with Claimant and his wife, died "a few years ago." R.R. at 350a. Further, there was an allusion to some potential marital problems. *Id.* at 351a. Moreover, Claimant's daughter and her husband split up which even Mr. Lewis acknowledged was a source of depression and anxiety in Claimant's life. *Id.* at 371a. Finally, at least one of Claimant's adult age children had to move back home for a period of time. *Id.* at 370a. With these potential stressors in existence, the WCJ apparently would have preferred Claimant's experts discuss these issues further and detail why they did not believe they were the cause of Claimant's psychological problems or aggravating factors of a pre-existing condition.

6. Claimant attempts to extract certain statements of each of his expert's testimony in a piecemeal fashion in an attempt to show they successfully ruled out other potential causes for his psychological conditions. Although the probative value of the statements he provides is questionable, we nonetheless point out that if we were to consider them in earnest, we would essentially be reweighing the evidence. Pursuant to *Wolfe,* we are prohibited from doing so.

7. We reiterate that Mr. Lewis is a licensed professional counselor and that, pursuant to *Coe,* Claimant could only meet his burden of establishing his psychological conditions developed as a result of his 1994 back injury by presenting *unequivocal medical evidence.* While Mr. Lewis' testimony is corroborative of Dr. Brooks and Dr. Somov as to causation, it is unclear whether his testimony in and of itself could satisfy Claimant's burden in this case. Nonetheless, as the WCJ rejected his testimony as to causation and denied Claimant's Petitions, we need not address this issue any further.

original work injury as opposed to any other factors *to his satisfaction.* We cannot say, although Claimant urges us to do so, that the WCJ was looking for some magic words establishing causation. Instead, the WCJ essentially found their opinions on the causation of the mental injuries to be less than thorough and, therefore, not credible as to their causation.

We reiterate that even if a medical expert's opinion is unequivocal, *Johnson, Bartholetti,* and *Martin* instruct that his opinion must still be accepted by the WCJ to support an award. The WCJ did not accept Claimant's expert opinions. Therefore, he did not err in denying Claimant's Claim and Review Petitions.

After a review of the record, we conclude that the Board did not err in affirming the WCJ's decision as all findings are supported by substantial evidence. Accordingly, the order of the Board is affirmed.

### *ORDER*

AND NOW, this 29th day of July, 2008, the Order of the Workers' Compensation Appeal Board is affirmed.