IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elbert L. Hatten, Jr., : 
                    Petitioner : 
                     : 
             v. : No. 696 C.D. 2021
                     : Submitted: May 27, 2022
J.B. Hunt Transport Services, Inc. : 
(Workers' Compensation Appeal : 
Board), : 
                 Respondent : 

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                   FILED: August 1, 2022

Elbert L. Hatten, Jr. (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ), and which declined to expand as requested the description of Claimant's work-related injuries.[1] Upon review, we affirm.

## I. BACKGROUND

Claimant operated a tractor trailer and delivered freight for J.B. Hunt Transport Services, Inc. (Employer).[2] On July 25, 2018, Claimant was injured when he fell from the step board of Employer's truck and landed on his buttocks.

---

[1] The WCJ also denied a Petition to Terminate Compensation Benefits (Termination Petition) filed by J.B. Hunt Transport Services, Inc. Neither party appeals that decision.

[2] Unless stated otherwise, we adopt the factual background for this case from the Decision of the WCJ, entered June 17, 2020, which is supported by substantial evidence of record. *See* WCJ Decision, 6/17/20, at 3-10.

Ultimately, Employer accepted injuries to Claimant's lumbar and/or sacral vertebrae and commenced weekly indemnity benefits of $534.93.[3]

On April 15, 2019, based on the results of an independent medical examination (IME), Employer filed a Termination Petition, alleging that Claimant had fully recovered from his injuries. Claimant filed an Answer denying Employer's allegation of full recovery.

The WCJ held hearings at which both parties presented evidence. In support of its Termination Petition, Employer presented deposition testimony from physician Dr. William Charles Murphy, D.O., who conducted an IME of Claimant in March 2019. According to Dr. Murphy, Claimant had suffered a compression fracture to his L1 vertebrae but had fully recovered with no residual objective abnormalities. Dr. Murphy acknowledged that Claimant complained of ongoing low back pain and that he had suffered a minimal height loss but that Claimant otherwise demonstrated a full range of motion, normal strength and reflexes, and no clinical evidence of lumbar radiculopathy.[4] In addition, Dr. Murphy noted that Claimant had suffered a thoracic epidural abscess in January 2018, that required surgical intervention and continued to cause numbness and tingling in both of Claimant's legs.[5] Dr. Murphy opined that Claimant's work-related injury did not aggravate the

---

[3] Employer issued an amended Notice of Compensation Payable on January 28, 2019.

[4] In reviewing Claimant's diagnostic studies, Dr. Murphy observed "a mild compression deformity of the L1 vertebrae . . . consistent with a recent or new compression deformity," as well as the presence of "multilevel degenerative disc disease" in the lumbar spine. *See* Dep. of Dr. Murphy, 6/11/19, at 11-12.

[5] A thoracic epidural abscess is an infection of the spinal cord. An extensive infection may require surgical intervention, as well as antibiotic therapy. It may lead to residual problems including numbness and tingling of the legs, weakness, and difficulty walking. *See* Dep. of Dr. Murphy at 9-10.

thoracic abscess. On cross-examination, Dr. Murphy conceded that Claimant's height loss was permanent and that Claimant continued to receive physical therapy.

In response, Claimant offered deposition testimony from orthopedist Dr. Marc D. T. Allen. Dr. Allen's diagnosis of Claimant's injuries was more expansive than that of Dr. Murphy. In addition to the L1 compression fracture, Dr. Allen testified that Claimant suffered a work-related lumbar strain/sprain, herniated discs at L1-2, L2-3, L3-4, and L5-S1, lumbar radiculopathy, and post-traumatic coccydynia. According to Dr. Allen, Claimant displayed continued tenderness in his lumbar spine and coccyx, restricted range of lumbar spinal motion, and weakness. Dr. Allen concluded that Claimant could not return to his pre-injury duties. On cross-examination, Dr. Allen conceded that Claimant had reported chronic bilateral lower extremity numbness and tingling prior to his work injury.

Claimant also testified. Claimant described his accident, the resulting and continuing pain, and subsequent treatment. According to Claimant, he is currently unable to operate a truck. On cross-examination, Claimant testified that he had treated with pain management following his injury but conceded that he did not seek treatment from Dr. Allen until more than a year later.

Prior to addressing Employer's Termination Petition, the WCJ recognized that Claimant sought to expand the description of his work injury to include lumbar strain/sprain, multiple lumbar herniated discs, lumbar radiculopathy, and coccydynia.[6] The WCJ accepted Dr. Allen's diagnosis of work-related coccydynia and lumbar strain/sprain but did not find credible evidence of lumbar

---

[6] A claimant is not required to file a review petition to correct an inaccuracy in the description of his work-related injuries delineated in a notice of compensation payable. *Cinram Mfg., Inc. v. Workers' Comp. Appeal Bd. (Hill)*, 975 A.2d 577, 580-81 (Pa. 2009). A WCJ may authorize corrective amendments "at any time and in any procedural context[.]" *Id.* at 581.

3

herniations or radiculopathy. Thus, the WCJ expanded the description of Claimant's work injury but not to the extent sought by Claimant. Nevertheless, because the WCJ specifically found Claimant's testimony of ongoing lumbar spinal pain credible and persuasive, the WCJ denied the Termination Petition.

Claimant appealed to the Board, which affirmed. Claimant then petitioned this Court for review.

## II. ISSUE

Claimant asserts that the Board erred in affirming the arbitrary and capricious findings of the WCJ. *See* Claimant's Br. at 4, 8. According to Claimant, he presented sufficient evidence to establish each of Dr. Allen's diagnoses. *See id.* at 10. Moreover, Claimant suggests that Dr. Allen's "unequivocal opinions were neither refuted nor incredible" but that the WCJ nonetheless "inserted his own unsupported opinions" in refusing to amend the injury description as requested. *Id.* at 11 (emphasis omitted), 11-17 (challenging the WCJ's credibility determinations).[7]

## III. DISCUSSION

In a workers' compensation appeal, our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d

---

[7] Claimant also states repeatedly that the WCJ determined that Dr. Murphy was not credible. *See* Claimant's Br. at 8, 14, 15. This is inaccurate. The WCJ made four specific credibility determinations: (1) Dr. Allen's testimony regarding work-related lumbar disc herniations and radiculopathy was neither persuasive nor credible; (2) Dr. Allen's testimony regarding a work-related lumbar strain/sprain and coccydynia was persuasive; (3) Dr. Murphy's opinion that Claimant had fully recovered from his work injury was neither persuasive nor credible; and (4) Claimant's testimony of unresolved lumbar pain from his work injury was credible. WCJ Decision, 6/17/20, at 6. Therefore, while the WCJ did not credit Dr. Murphy's opinion that Claimant had fully recovered, the WCJ did not reject Dr. Murphy's testimony completely.

4

1244, 1252 n.5 (Pa. Cmwlth. 2019) (citation omitted). Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding. *City of Phila. v. Workers' Comp. Appeal Bd. (Kriebel)*, 29 A.3d 762 (Pa. 2011).

It is well settled that "the WCJ is the fact[-]finder, and it is solely for the WCJ . . . to assess credibility and to resolve conflicts in the evidence." *Hawbaker v. Workers' Comp. Appeal Bd. (Kriner's Quality Roofing Servs. & Uninsured Emp. Guar. Fund)*, 159 A.3d 61, 69 (Pa. Cmwlth. 2017) (cleaned up). This principle applies to expert medical testimony. *Bartholetti v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 927 A.2d 743, 747 (Pa. Cmwlth. 2007) ("A WCJ is free to accept or reject . . . the testimony of . . . medical witnesses."). "[E]ven if . . . the testimony of a medical expert is unequivocal, it must be accepted by the fact[-]finder to support an award." *Campbell v. Workers' Comp. Appeal Bd. (Pittsburgh Post Gazette)*, 954 A.2d 726, 730 (Pa. Cmwlth. 2008) (affirming the denial of a claimant's petitions because fact-finder found unequivocal testimony not credible).

"[W]here both parties present evidence, it is irrelevant that the record contains evidence which supports a finding contrary to that made by the WCJ; rather, the pertinent inquiry is whether evidence exists that supports the WCJ's findings." *Wilgro Servs., Inc. v. Workers' Comp. Appeal Bd. (Mentusky)*, 165 A.3d 99, 103-04 (Pa. Cmwlth. 2017) (citation omitted). Further, the party who prevailed before the WCJ is entitled to the benefit of all favorable inferences drawn from the evidence. *Id.* at 104.

This Court may not reweigh the evidence or the WCJ's credibility determinations. *Hawbaker*, 159 A.3d at 69. Indeed, this Court "may overturn a credibility determination only if it is arbitrary and capricious, so fundamentally

dependent on a misapprehension of material facts, or so otherwise flawed, as to render it irrational." *W. Penn Allegheny Health Sys., Inc. v. Workers' Comp. Appeal Bd. (Cochenour)*, 251 A.3d 467, 475 (Pa. Cmwlth. 2021) (citation omitted).

Finally, a Notice of Compensation Payable (NCP) acknowledges the existence of a work injury or injuries. *City of Phila. v. Workers' Comp. Appeal Bd. (Butler)*, 24 A.3d 1120, 1124 (Pa. Cmwlth. 2011); *see also* Sections 406.1 and 410 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 717.1, 731, respectively.[8] "Under Section 413(a) of the Act, 77 P.S. § 771, the WCJ may amend the NCP at any time during litigation of any petition if the evidence shows that the injury sustained in the original work incident is different or more expansive than that listed in the NCP." *Harrison v. Workers' Comp. Appeal Bd. (Auto Truck Transp. Corp.)*, 78 A.3d 699, 703 (Pa. Cmwlth. 2013) (cleaned up). A party seeking to amend an NCP has the burden of proving that the NCP is materially incorrect. *Pocono Mountain Sch. Dist. v. Workers' Comp. Appeal Bd. (Easterling)*, 113 A.3d 909, 913 (Pa. Cmwlth. 2015).

In this case, the WCJ set forth the evidence from both parties in neutral fashion, then issued several findings based on that evidence. *See* WCJ Decision, 6/17/20, at 3-7. While the WCJ accepted Dr. Allen's testimony as credible evidence that Claimant had suffered coccydynia and a lumbar strain/sprain from his fall, the WCJ did not credit Dr. Allen's other diagnoses. *Id.* at 6. This is the prerogative of the fact-finder. *Hawbaker*, 159 A.3d at 69; *Campbell*, 954 A.2d at 730. Because there is substantial evidence of record supporting the WCJ's findings, and because Employer is entitled to the benefit of all favorable inferences drawn from the evidence, we conclude that the WCJ's findings are neither arbitrary nor capricious,

---

[8] Section 406.1 was added by the Act of February 8, 1972, P.L. 25.

and we decline to reweigh this evidence or disturb the WCJ's credibility determinations. *W. Penn Allegheny Health Sys., Inc.*, 251 A.3d at 475; *Wilgro Servs., Inc.*, 165 A.3d at 103-04; *Hawbaker*, 159 A.3d at 69.

Moreover, Claimant's reference to the unequivocal quality of Dr. Allen's testimony is not persuasive. The WCJ provided a reasonable explanation as to why he did not find credible the entirety of Dr. Allen's testimony. *See* WCJ Decision, 6/17/20, at 8-9. In rejecting some, but not all, of Dr. Allen's diagnoses, the WCJ noted the circumstances of Claimant's work injury, Claimant's prior injury and symptoms, Claimant's presentation upon seeking medical treatment, the results of various diagnostic tests, and Employer's effective cross-examination of Dr. Allen. *Id.* Thus, while Dr. Allen's testimony was unequivocal, the WCJ did not accept it in its entirety, concluding rather that Employer had successfully refuted it. *See id.* at 8. To the extent that the WCJ rejected Dr. Allen's testimony, his testimony could not support expanding the description of Claimant's injuries. *Campbell*, 954 A.2d at 730; *Pocono Mountain Sch. Dist.*, 113 A.3d at 913.[9]

For these reasons, we discern no legal error in the WCJ's Decision or the Board's affirmance. Accordingly, we affirm the Board's order.

_____
LORI A. DUMAS, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[9] Claimant suggests in the alternative that the WCJ should have at least ruled that Claimant's disc pathology and radiculopathy has an ongoing impact on Claimant's ability to heal. *See* Claimant's Br. at 17 n.6. This was not an issue before the WCJ. To the extent a pre-existing pathology may inhibit Claimant's continued recovery, we note that (1) the WCJ denied Employer's Termination Petition because Claimant has not fully recovered from his work injury, regardless of a pre-existing pathology, and (2) nothing in the WCJ's determination precludes Claimant from presenting evidence of a pre-existing pathology in subsequent litigation.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elbert L. Hatten, Jr.,     :
      Petitioner  :
           :
   v.       :  No. 696 C.D. 2021
           :
J.B. Hunt Transport Services, Inc. :
(Workers' Compensation Appeal :
Board),        :
      Respondent :

## **O R D E R**

AND NOW, this 1st day of August, 2022, the Order of the Workers'
Compensation Appeal Board, dated June 8, 2021, in the above-captioned matter is
AFFIRMED.

            _____
            LORI A. DUMAS, Judge